**Manuel Dario Vilchez PAYANO,**
**Petitioner,**

v.

**Michael B. MUKASEY, Attorney**
**General, Respondent.**

No. 04–74869.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2008.

Filed March 6, 2008.

Martha L. Cordoba, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joel May, Kansas City, MO, for Respondent.

Before: CANBY, THOMPSON, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Manuel Dario Vilchez Payano ("Vilchez"), a Peruvian national, applied for asylum under 8 U.S.C. § 1158(a) and withholding of removal under 8 U.S.C. § 1231(b)(3), alleging that Shining Path guerrillas had terrorized him in Peru and would do so again if he returned. The Immigration Judge ("IJ") issued an oral opinion denying the asylum and withholding application because of an adverse credibility finding. The Board of Immigration Appeals ("BIA") affirmed in a *per curiam* order without opinion and Vilchez petitioned this court for review. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we grant the petition, remanding for a new determination on the merits.

Because the IJ described no "non-verbal communication," substantial evidence does not support the finding that Vilchez's demeanor undermined his credibility. *Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir.2003). Substantial evi-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dence does not support the IJ's conclusion that Vilchez's testimony regarding the beatings he received lacked detail and therefore was not credible. *See Singh v. Gonzales,* 403 F.3d 1081, 1090–91 (9th Cir. 2005) (holding that "[t]he ability to recall precise dates of events years after they happen is an extremely poor test of how truthful a witness's substantive account is," particularly in cases of physical abuse). Vilchez's initial failure to note a prior unsuccessful attempt to travel to the United States was not an omission going to the heart of his claim, and therefore does not support the credibility finding. *See Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003).

 Vilchez's testimony regarding his coerced participation in Shining Path activities and their simultaneous antipathy toward him comported with the country conditions evidence in the record regarding the Shining Path's recruitment and agitation tactics, so it is not inherently unbelievable. *See Singh v. Gonzales,* 439 F.3d 1100, 1110 (9th Cir.2006); *Duarte de Guinac v. INS,* 179 F.3d 1156, 1162 (9th Cir. 1999) (country conditions evidence provides context in which to evaluate an applicant's credibility). We also do not find it to be inherently unbelievable that the Shining Path would have targeted Vilchez only a couple of months after he became president of the Student Union, in light of the group's documented practice of targeting community leaders and the fact that Vilchez had previously been Vice President of the Student Union.

 The IJ noted that, at different points in his testimony, Vilchez stated that the police killed a student named Arrasco, but later said that he believed the Shining Path had killed him. But the general understanding that the police killed Arrasco was not inconsistent with Vilchez's contrary belief, especially in light of the de-

scription of Shining Path methods in the report of country conditions, nor is it inconsistent with Vilchez's being pressured to organize a protest against the killing of Arrasco by the police.

 Vilchez's failure to describe his cousin's death in his initial asylum application, though it was later described in Vilchez's declaration and testimony, is not substantial evidence to support the IJ's finding. *Aguilera–Cota v. INS,* 914 F.2d 1375, 1382 (9th Cir.1990) (omission of a fact from asylum application does not necessarily undermine credibility). Finally, the fact that the Shining Path did not carry out its threats against other members of Vilchez's family does not undermine Vilchez's credibility with respect to the fact that threats were made.

Accordingly, we conclude that the IJ's credibility determination was not supported by substantial evidence. Because there has been no ruling on the facts with Vilchez's testimony accepted as credible, we grant the petition for review on the asylum and withholding claims and remand to the BIA for such further proceedings and rulings. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; CASE REMANDED.**